UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANDERSON, Booking #20924254,<br><br>                    Plaintiff,<br><br>vs.<br><br>SAN DIEGO SHERIFF'S OFFICE; GEORGE BAILEY DETENTION FACILITY; A. APEZ; OFFICER 4; MICHAEL R. BARNETT; OFFICER McDONALD,<br><br>                    Defendants. | Case No. 20cv2438-MMA-RBM<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 2]<br><br>**DISMISSING CLAIMS AND DEFENDANTS FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)** |

Plaintiff Michael Anderson, while incarcerated at the San Diego County Sheriff Department's George Bailey Detention Facility ("GBDF") in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  *See* Compl., Doc. No. 1.  Plaintiff did not pay the fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See* Doc. No. 2.

**I.     Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the

United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S.  __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his San Diego County Sheriff's Department Inmate Trust Account Activity statement.  *See* Doc. No. 2

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

at 6; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. This statement shows that Plaintiff had only a $32.56 available balance to his credit at the time of filing. *See id.*

Based on this accounting, the Court assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(a)(1) and (b)(1), as Plaintiff has insufficient funds with which to pay an initial fee at the time this Order issues. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP, declines to exact an initial filing fee because his trust account statements suggest he may have "no means to pay it," *Bruce*, 136 S. Ct. at 629, and instead directs the Watch Commander at GBDF, or their designee, to collect the entire $350 balance of the filing fee required by 28 U.S.C. § 1914 and to forward all payments to the Clerk of the Court pursuant to the installment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.   Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

### A.   Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must review and sua sponte dismiss an IFP complaint, and any complaint filed by a prisoner seeking redress from a governmental entity, or officer or employee of a governmental entity, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The

purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."). However, while the court "ha[s] an obligation where the petitioner is pro

se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, the "[c]ourt[] must consider the complaint in its entirety," including "documents incorporated into the complaint by reference" to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading for all purposes."); *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

B.  <u>42 U.S.C. § 1983</u>

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

C.  <u>Factual Allegations</u>

On August 18, 2020, Plaintiff was "laying down on [his] bunk when [he] heard "worker in." Compl. at 3. Plaintiff alleges his cell door was opened and "sixteen – twenty Hispanics had rushed in and attacked [him] and [his] fellow African Americans." *Id.*

Plaintiff claims that "all [he] could do was defend [himself] against the officers [as] they broke up the riot." *Id.* Officer McDonald purportedly told Plaintiff "get yo

bitch ass down" while "letting an inmate" spit on Plaintiff. *Id.* Plaintiff "crawled out [of] the way" and McDonald allegedly tased him once in the back. *Id.* Plaintiff "dropped, turned over" and was tased again in his right arm, once in the center of his stomach, and once "right under [his] heart." *Id.* Plaintiff further claims that "during the tossing four officers jumped on [him]" and he suffered a fractured wrist as a result." *Id.*

Soon after, Plaintiff alleges that he "started coughing up blood." *Id.* at 4. In addition, Plaintiff's right hand went numb and he had lower back pain. (*See id.*) Plaintiff was scheduled to get an x-ray but on the day of his appointment, he was "transferred to Central Jail." *Id.*

Plaintiff seeks a "reduction on bail," $53,000 in compensatory damages, and $53,000 in punitive damages. *Id.* at 7.

### D. Individual Causation

As an initial matter, Plaintiff's Complaint fails to contain any specific factual allegations against Defendants Apez or Barnett and contains no "further factual enhancement" which describes how, or to what extent, these individuals became aware of, or were actually aware of, any alleged constitutional violation. "Because vicarious liability is inapplicable to . . . §1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

"Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976). There are no factual allegations linking Defendants Apez

or Barnett to any of his claims regarding alleged constitutional violations.

Thus, for these reasons, the Court finds that Plaintiff's claims against Apez and Barnett must be dismissed for failing to state a claim upon which relief may be granted.

### E. San Diego Sheriff's Office

To the extent that Plaintiff names the "San Diego Sheriff's Office," ("SDSO") and GBDF as Defendants, he fails to state a claim upon which § 1983 relief may be granted. Departments of municipal entities are not "persons" subject to suit under § 1983; therefore, a local law enforcement agency, like the SDSO, and detention facilities are not proper parties. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

"Persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance*, 928 F. Supp. at 995-96. The SDSO is a law enforcement agency or department of the County of San Diego, but it is not a "person" subject to suit under § 1983. *See e.g., United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983."); *Rodriguez v. Cnty. of Contra Costa*, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable to suit under *Monell [v. Dep't of Social Servs,* 436 U.S. 658 (1978)], sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983."); *Nelson v. Cty. of Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (dismissing Sacramento Sheriff's Department from section 1983 action "with prejudice" because it "is a subdivision of a local government

entity," *i.e.*, Sacramento County); *Gonzales v. City of Clovis*, 2013 WL 394522 (E.D. Cal. Jan. 30, 2013) (holding that the Clovis Police Department is not a "person" for purposes of section 1983); *Wade v. Fresno Police Dep't*, 2010 WL 2353525 at *4 (E.D. Cal. June 9, 2010) (finding the Fresno Police Department to not be a "person" under section 1983). Therefore, Plaintiff cannot pursue any § 1983 civil rights claims against the "San Diego Sheriff's Department." *See Boone v. Deutsche Bank Nat'l Tr. Co.*, No. 2:16-CV-1293-GEB-KJN-PS, 2017 WL 117966, at *3 (E.D. Cal. Jan. 12, 2017) ("Because the Solano County Sheriff's Department is not a 'person' within the meaning of Section 1983, plaintiffs cannot maintain their claims against it under that statute as a matter of law.").

To the extent Plaintiff intends to assert a claim against the County of San Diego itself, his allegations are also insufficient. A municipal entity may be held liable under § 1983 only if he alleges facts sufficient to plausibly show that he was deprived of a constitutional right by individually identified employees who acted pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell*, 436 U.S. at 691; *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). The County of San Diego may not be held vicariously liable under § 1983 simply because one of its employees is alleged to have acted wrongfully. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691 ("[A] a municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the municipality may be held liable "when execution of a government's policy or custom ... inflicts [a constitutional] injury." *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010).

Therefore, the Court **DISMISSES** all claims against the San Diego Sheriff's Office and George Bailey Detention Facility for failing to state a claim upon which § 1983 relief can be granted.

F.    Medical care claims

"[C]laims for violations of the right to adequate medical care 'brought by pretrial

detainees against individual defendants under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference standard." *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016)). Therefore, "the plaintiff must 'prove more than negligence but less than subjective intent - something akin to reckless disregard.'" *Id.*

Plaintiff must allege facts sufficient to show that:

> (i) [each] defendant made an intentional decision with respect to the conditions under which [he] was confined; (ii) those conditions put [him] at substantial risk of suffering serious harm; (iii) [each] defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, [each] defendant caused [his] injuries.

*Gordon*, 888 F.3d at 1125.

Here, Plaintiff may have alleged facts sufficient to state a claim but none of the named Defendants are alleged to have any involvement in his medical care. If Plaintiff chooses to amend his pleading, he must specifically identify the individuals whom he claims are responsible for the alleged failure to provide him with adequate medical attention.

G. Excessive Force claim

Based on the remaining allegations set forth above, the Court finds Plaintiff's excessive force claim against Defendant McDonald is sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012; *Iqbal*, 556 U.S. at 678.

H. Leave to Amend

Because the Court has determined that some of Plaintiff's claims survive the sua sponte screening process, the Court will give Plaintiff the opportunity to either: (1) notify the Court of the intent to proceed with his excessive force claim against McDonald only; or (2) file an amended pleading correcting all the deficiencies of pleading identified by

the Court in this Order.  Plaintiff must choose one of these options within forty-five (45) days from the date this Order is filed.  If Plaintiff chooses to proceed as to his claims against McDonald only, the Court will issue an Order directing the U.S. Marshal to effect service of his Complaint on McDonald and dismiss the remaining claims and defendants.

### III.   Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2) is **GRANTED**.

2. The Watch Commander for GBDF, or their designee, shall collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Watch Commander, George Bailey Detention Facility, 446 Alta Road, San Diego, California 92158.

**IT IS FURTHER ORDERED**:

4. The Court **DISMISSES** Plaintiff's claims against Defendants San Diego Sheriff's Department, George Bailey Detention Facility, A. Apez, Officer 4, and Michael Barnett for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

5. The Court **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either: (1) Notify the Court of the intention to proceed with the claims against McDonald only; or (2) File an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived.  *See* CIVLR 15.1; *Hal*

*Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

6. The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form complaint under the Civil Rights Act, 42 U.S.C. § 1983 for his use in amending.

**IT IS SO ORDERED**.

DATE: February 4, 2021

Hon. Michael M. Anello
United States District Judge